## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| HANCOCK WHITNEY BANK, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO.<br>1:25-cv-00281 |
| MOBILE SPORTS AND | § | |
| ENTERTAINMENT GROUP, ARI | | |
| ROSENBAUM, ALEXANDER | § | |
| ROSENBAUM, JOHN HILLIARD, | | |
| and PAUL KEVIN GRIMES, Individually | § | |
| and Jointly, | | |
| | § | |
| Defendants. | | |

## COMPLAINT

COMES NOW, Plaintiff, Hancock Whitney Bank ("Hancock Whitney"), and files its complaint against Defendants, Mobile Sports and Entertainment Group, LLC, an Alabama limited liability company, ("Mobile Sports"), Ari Rosenbaum ("Ari"), Alexander Rosenbaum ("Lex"), John Hilliard ("Hilliard") and Paul Kevin Grimes ("Grimes"), (individually a "Defendant" and collectively the "Defendants"), individually and jointly. In support of this Complaint, Hancock Whitney states as follows:

## PARTIES

1.    Hancock Whitney is a Mississippi banking organization that is organized under the laws of the State of Mississippi, with its principal place of business in Mississippi, and routinely conducts business in the State of Alabama.

2.      Upon information and belief, Mobile Sports is a registered corporation in Alabama and conducts/conducted business in the State of Alabama. Lex is the registered agent for Mobile Sports, and 3766 Halls Mill Road, Mobile, Alabama 36693 is the registered street address for Mobile Sports. Upon further information and belief, the Members of Mobile Sport are Ari, Lex, Hillard and Grimes, each holding a twenty-five percent (25%) membership interest.

3.      Upon information and belief, Ari is an individual, over the age of nineteen (19) years, who is a citizen of Mobile County, Alabama, and whose domicile is 5829 Cordova Avenue, Satsuma, Alabama 36572.

4.      Upon information and belief, Lex is an individual, who is a citizen of Baldwin County, Alabama, and whose domicile is 121 Kurland Street, Fairhope, Alabama 36532.

5.      Upon information and belief, Hilliard is an individual, over the age of nineteen (19) years, who is a citizen of Mobile County, Alabama, and whose domicile is 3054 Belmont Street, Mobile, Alabama 36606.

6.      Upon information and belief, Grimes is an individual, over the age of nineteen (19) years, who is a citizen of Baldwin County, Alabama, and whose domicile is 7206 Rock Creek Drive, Fairhope, Alabama 36532.

## JURISDICTION AND VENUE

7.      Venue is proper in the Southern District of Alabama.

2

8.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00,  exclusive of costs and interest, the minimum limits of the Court. Therefore, complete diversity of the parties is met and the claim between the parties exceeds the required jurisdictional amount necessary for diversity jurisdiction purposes.

## AGENCY

9.      Whenever it is alleged that Mobile Sports committed an act, it is also to be taken that Mobile Sports committed said act or acts through its officers, managers, members, directors, agents, owners, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and scope of any employment and/or with the full ratification of Mobile Sports' acts.

## FACTUAL ALLEGATIONS

The  following  undisputed  facts  are  material  to  the  claims  asserted  in  this Complaint.

### COMMERCIAL LINE OF CREDIT AGREEMENT AND NOTE
### HANCOCK WHITNEY LOAN 8628
### THE "8628 NOTE"

10.      On  August  31,  2022,  Lex,  as  agent  of  Mobile  Sports,  executed  a Commercial Line of Credit Agreement and Note (hereinafter the "8628 Note") on behalf of Mobile Sports, as Borrower, for Loan 8628 (hereinafter the "8628 Loan"), in the

amount of $100,000.00, and in favor of Hancock Whitney. A true and correct copy of the 8628 Note is attached hereto and incorporated by reference herein as **Exhibit "A".**

11.     Mobile Sports subsequently defaulted on the 8628 Note. Hancock Whitney accelerated the indebtedness owed by Mobile Sports pursuant to its terms and conditions. *See*, **Ex. A**.

12.     Hanock Whitney has previously demanded payment from Mobile Sports by way of demand letters dated June 2, 2025, and June 25, 2025 (hereinafter the "Demand Letters") and provided Mobile Sports with time to cure same, but Mobile Sports has failed and/or refused to pay the amount due.   A true and correct copy of the Demand Letters are attached hereto and incorporated by reference herein collectively as **Exhibit "B".**

13.     As of July 8, 2025, the outstanding amount owed to Hancock Whitney on the 8628 Note is $104,003.50, which consists of $99,999.41 in principal; $3,872.90 in accrued interest; and $131.19 in late fees. As of the date of this Complaint, interest continues to accrue at a rate of $27.09 per day.[1]

14.     The 8628 Note provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorneys' fees and expenses. *See*, **Ex. A**.

---

[1]     The 8628 Note contains a variable interest rate and the per diem is subject to change.

4

### ARI ROSENBAUM UNLIMITED CONTINUING GUARANTY
### HANCOCK WHITNEY LOAN 8628
### THE "8628 ARI UNLIMITED GUARANTY"

15.    On or about August 31, 2022, Ari, as Guarantor for Mobile Sports, executed an Unlimited Continuing Guaranty (the "8628 Ari Unlimited Guaranty") in favor of Hancock Whitney, for the 8628 Loan.  A true and correct copy of the 8628 Ari Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "C".**

16.    Pursuant to the 8628 Ari Unlimited Guaranty, Ari "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and performance when due (whether at the maturity date or by required prepayment, acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances, indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or

otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

17.    Ari defaulted under the terms of the 8628 Ari Unlimited Guaranty.

18.    Hanock has previously demanded payment from Ari and provided Ari with time to cure same, but Ari has failed and/or refused to pay the amount due.  *See,* **Ex. B**.

19.    As of July 8, 2025, there is an outstanding balance due in the amount of $104,003.50 based on the terms of the 8628 Ari Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

20.    The 8628 Ari Unlimited Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. C**.

### ALEXANDER ROSENBAUM UNLIMITED CONTINUING GUARANTY
#### HANCOCK WHITNEY LOAN 8628
#### THE "8628 LEX UNLIMITED GUARANTY"

21.    On or about August 31, 2022, Lex, as Guarantor for Mobile Sports, executed an Unlimited Continuing Guaranty (the "8628 Lex Unlimited Guaranty") in favor of Hancock Whitney, for the 8628 Loan.  A true and correct copy of the 8628 Lex Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "D".**

22.    Pursuant to the 8628 Lex Unlimited Guaranty, Lex "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and performance when due (whether at the maturity date or by required prepayment,

acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances, indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

23.     Lex defaulted under the terms of the 8628 Lex Unlimited Guaranty.

24.     Hanock has previously demanded payment from Lex and provided Lex with time to cure same, but Lex has failed and/or refused to pay the amount due.  *See,* **Ex. B**.

25.     As of July 8, 2025, there is an outstanding balance due in the amount of $104,003.50 based on the terms of the 8628 Lex Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

26.     The 8628 Lex Unlimited Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. D**.

## JOHN HILLIARD UNLIMITED CONTINUING GUARANTY
### HANCOCK WHITNEY LOAN 8628
### THE "8628 HILLIARD UNLIMITED GUARANTY"

27.    On or about August 31, 2022, Hilliard, as Guarantor for Mobile Sports, executed an Unlimited Continuing Guaranty (the "8628 Hilliard Unlimited Guaranty") in favor of Hancock Whitney, for the 8628 Loan.  A true and correct copy of the 8628 Hilliard Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "E".**

28.    Pursuant to the 8628 Hilliard Unlimited Guaranty, Hilliard "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and performance when due (whether at the maturity date or by required prepayment, acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances, indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or

otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

29.    Hilliard defaulted under the terms of the 8628 Hilliard Unlimited Guaranty.

30.    Hanock Whitney has previously demanded payment from Hilliard and provided Hilliard with time to cure same, but Hilliard has failed and/or refused to pay the amount due.  *See,* **Ex. B**.

31.    As of July 8, 2025, there is an outstanding balance due in the amount of $104,003.50 based on the terms of the 8628 Hilliard Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

32.    The 8628 Hilliard Unlimited Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. E**.

### PAUL GRIMES UNLIMITED CONTINUING GUARANTY
#### HANCOCK WHITNEY LOAN 8628
#### THE "8628 GRIMES UNLIMITED GUARANTY"

33.    On or about August 31, 2022, Grimes, as Guarantor for Mobile Sports, executed an Unlimited Continuing Guaranty (the "8628 Grimes Unlimited Guaranty") in favor of Hancock Whitney, for the 8628 Loan.  A true and correct copy of the 8628 Grimes Unlimited Guaranty is attached hereto and incorporated by reference herein as **Exhibit "F"**.

34.    Pursuant to the 8628 Grimes Unlimited Guaranty, Grimes "unconditionally, absolutely, and irrevocably guarantees to Lender the full and prompt payment and

performance when due (whether at the maturity date or by required prepayment, acceleration, or otherwise) of all indebtedness of the Borrower to the Lender (notwithstanding the fact that from time to time, such indebtedness may be reduced and later increased, entirely extinguished and later re-incurred, or there may be no indebtedness outstanding), however created, of every kind and description, whether now existing or hereafter arising and whether direct or indirect, due or which may become due, absolute or contingent, primary or secondary, liquidated or unliquidated, whether originated with Lender or owed to others and acquired by Lender by purchase, assignment, or otherwise, and including without limitation all loans, advances, indebtedness, and each and every other obligations arising under the Related Documents, and all agreements, instruments, and documents evidencing, guarantying, securing or otherwise executed in connection with any of the foregoing, together with any amendments, modifications, and restatements thereof, plus Expenses".

35.   Grimes defaulted under the terms of the 8628 Grimes Unlimited Guaranty.

36.   Hanock Whitney has previously demanded payment from Grimes and provided Grimes with time to cure same, but Grimes has failed and/or refused to pay the amount due.  *See,* **Ex. B**.

37.   As of July 8, 2025, there is an outstanding balance due in the amount of $104,003.50 based on the terms of the 8628 Grimes Unlimited Guaranty.  This amount does not include continuing interest, costs, expenses, and attorney fees.

38.    The 8628 Grimes Unlimited Guaranty provides for recovery of continuing interest and the costs of collection, including, without limitation, reasonable attorney fees and expenses. *See*, **Ex. F**.

### BUSINESS CREDIT CARD
### HANCOCK WHITNEY CREDIT CARD 4275
### THE "4275 CREDIT CARD"

39.    Lex, on behalf of, and as Guarantor for, Mobile Sports, applied for, obtained, and enjoyed the use and benefit of a business credit card with Hancock Whitney (the "4275 Credit Card"), bearing 4275 as the last four digits of the credit card account number.

40.    Mobile Sports was bound by the 4275 Credit Card terms and conditions pursuant to the credit card agreement (hereinafter the "4275 Credit Card Agreement"). A true and correct copy of the 4275 Credit Card Agreement is attached hereto and incorporated by reference herein as **Exhibit "G".**

41.    Hancock Whitney provided monthly account statements (hereinafter the "4275 Account Statements") to Mobile Sports and requested that Mobile Sports timely pay same.  True and correct copies of the 4275 Account Statements are attached hereto and incorporated by reference herein as **Exhibit "H".**

42.    Mobile Sports failed to fulfil its obligations under the 4275 Credit Card Agreement by, among other things, failing to make payments as promised under the terms and conditions of the 4275 Credit Card Agreement, and thus, has defaulted under the terms of the 4275 Credit Card Agreement.  *See*, **Ex. G**.

11

43.     Hancock Whitney has previously demanded payment from Mobile Sports and Lex Rosenbaum due to this breach and provided Mobile Sports and Lex Rosenbaum with time to cure the same, but Mobile Sports and Lex Rosenbaum have failed and/or refused to pay the amount due.  *See,* **Ex. B**.

44.     A balance of $30,099.68 remains outstanding.  *See,* **Ex. H**.

45.     Accordingly, Hancock Whitney is entitled to general damages in the total amount of $30,099.68.  This amount does not include continuing interest, costs, expenses, and attorney fees that are recoverable pursuant to the 4275 Credit Card Agreement. *See*, **Ex. G**.

## BUSINESS CREDIT CARD
### HANCOCK WHITNEY CREDIT CARD 4283
### THE "4283 CREDIT CARD"

46.     Hillard, on behalf of, and as Guarantor for, Mobile Sports, and in Mobile Sports' name, applied for, obtained, and enjoyed the use and benefit of a business credit card with Hancock Whitney (the "4283 Credit Card"), bearing 4283 as the last four digits of the credit card account number.

47.     Hillard was bound by the 4283 Credit Card terms and conditions pursuant to the credit card agreement (hereinafter the "4283 Credit Card Agreement").  *See* **Ex. G**.

48.     Hancock Whitney provided monthly account statements (hereinafter the "4283 Account Statements") to Mobile Sports and requested that Mobile Sports timely pay same.  True and correct copies of the 4283 Account Statements are attached hereto and incorporated by reference herein as **Exhibit "I".**

49.     Mobile Sports failed to fulfil its obligations under the 4283 Credit Card Agreement by, among other things, failing to make payments as promised under the terms and conditions of the Credit Card Agreement, and thus, has defaulted under the terms of the Credit Card Agreement.  *See*, **Ex. G**.

50.     Hancock Whitney has previously demanded payment from Mobile Sports and Hillard due to this breach and provided Mobile Sports and Hillard with time to cure the same, but Mobile Sports and Hillard have failed and/or refused to pay the amount due.  *See,* **Ex. B**.

51.     A balance of $563.23 remains outstanding.  *See,* **Ex. I**.

52.     Accordingly, Hancock Whitney is entitled to general damages in the total amount of $563.23.  This amount does not include continuing interest, costs, expenses, and attorney fees that are recoverable pursuant to the 4283 Credit Card Agreement. *See*, **Ex. G**.

## BUSINESS CREDIT CARD
### HANCOCK WHITNEY CREDIT CARD 4291
### THE "4291 CREDIT CARD"

53.     Grimes, on behalf of, and as Guarantor for, Mobile Sports, and in Mobile Sports' name, applied for, obtained, and enjoyed the use and benefit of a business credit card with Hancock Whitney (the "4291 Credit Card"), bearing 4291 as the last four digits of the credit card account number.

54.    Mobile Sports was bound by the 4291 Credit Card terms and conditions pursuant to the credit card agreement (hereinafter the "4291 Credit Card Agreement"). *See* **Ex. G.**

55.    Hancock Whitney provided monthly account statements (hereinafter the "4291 Account Statements") to Mobile Sports and requested that Mobile Sports timely pay same.  True and correct copies of the 4291 Account Statements are attached hereto and incorporated by reference herein as **Exhibit "J".**

56.    Mobile Sports failed to fulfil its obligations under the 4291 Credit Card Agreement by, among other things, failing to make payments as promised under the terms and conditions of the Credit Card Agreement, and thus, has defaulted under the terms of the Credit Card Agreement.  *See*, **Ex. G**.

57.    Hancock Whitney has previously demanded payment from Mobile Sports and Grimes due to this breach and provided Mobile Sports and Grimes with time to cure the same, but Mobile Sports and Grimes have failed and/or refused to pay the amount due.  *See,* **Ex. B**.

58.    A balance of $3,434.62 remains outstanding.  *See,* **Ex. J**.

59.    Accordingly, Hancock Whitney is entitled to general damages in the total amount of $3,434.62.  This amount does not include continuing interest, costs, expenses, and attorney fees that are recoverable pursuant to the 4291 Credit Card Agreement. *See*, **Ex. G.**

## COUNT ONE
### BREACH OF CONTRACT –NOTE
### (DEFENDANT – MOBILE SPORTS)
### THE "8628 NOTE"

60.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

61.    Hancock Whitney and Mobile Sports entered into the 8628 Note, which was valid and binding upon the parties.

62.    Hancock Whitney performed as required under the 8628 Note.

63.    Mobile Sports breached the 8628 Note by failing to perform as required under the 8628 Note.

64.    Hancock Whitney was damaged by Mobile Sports' nonperformance under the 8628 Note.

65.    Additionally, the 8628 Note provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Mobile Sports on the 8628 Note, in the amount of $104,003.50, as a result of the Mobile Sports's breach of the 8628 Note, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT TWO
### BREACH OF CONTRACT – ARI ROSENBAUM UNLIMITED CONTINUING GUARANTY
### (DEFENDANT –ARI ROSENBAUM)
### THE "8628 ARI UNLIMITED GUARANTY"

66.     Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

67.     Hancock Whitney and Ari entered into the Ari Unlimited Guaranty, which was binding upon the parties.

68.     Hancock Whitney performed as required under the 8628 Ari Unlimited Guaranty.

69.     Ari breached the 8628 Ari Unlimited Guaranty by failing to perform as required under the 8628 Ari Unlimited Guaranty.

70.     Hancock Whitney was damaged by Ari's nonperformance under the 8628 Ari Unlimited Guaranty.

71.     Additionally, the 8628 Ari Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Ari Rosenbaum on the 8628 Ari Unlimited Guaranty in the amount of $104,003.50, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT THREE
### BREACH OF CONTRACT – ALEXANDER ROSENBAUM UNLIMITED CONTINUING GUARANTY
### (DEFENDANT – ALEXANDER ROSENBAUM)
### THE "8628 LEX UNLIMITED GUARANTY"

72.     Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

73.     Hancock Whitney and Lex entered into the 8628 Lex Unlimited Guaranty, which was binding upon the parties.

74.     Hancock Whitney performed as required under the 8628 Lex Unlimited Guaranty.

75.     Lex breached the 8628 Lex Unlimited Guaranty by failing to perform as required under the 8628 Lex Unlimited Guaranty.

76.     Hancock Whitney was damaged by Lex's nonperformance under the 8628 Lex Unlimited Guaranty.

77.     Additionally, the 8628 Lex Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Alexander Rosenbaum on the 8628 Lex Unlimited Guaranty in the amount of $104,003.50, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT FOUR
### BREACH OF CONTRACT – JOHN HILLIARD UNLIMITED CONTINUING GUARANTY
### (DEFENDANT – JOHN HILLIARD)
### THE "8628 HILLIARD UNLIMITED GUARANTY"

78.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

79.    Hancock Whitney and Hilliard entered into the 8628 Hilliard Unlimited Guaranty, which was binding upon the parties.

80.    Hancock Whitney performed as required under the 8628 Hilliard Unlimited Guaranty.

81.    Hilliard breached the 8628 Hilliard Unlimited Guaranty by failing to perform as required under the 8628 Hilliard Unlimited Guaranty.

82.    Hancock Whitney was damaged by Hilliard's nonperformance under the 8628 Hilliard Unlimited Guaranty.

83.    Additionally, the 8628 Hilliard Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against John Hilliard on the 8628 Hilliard Unlimited Guaranty in the amount of $104,003.50, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT FIVE
### BREACH OF CONTRACT – PAUL KEVIN GRIMES UNLIMITED CONTINUING GUARANTY
### (DEFENDANT – PAUL KEVIN GRIMES)
### THE "8628 GRIMES UNLIMITED GUARANTY"

84.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

85.    Hancock Whitney and Grimes entered into the 8628 Grimes Unlimited Guaranty, which was binding upon the parties.

86.    Hancock Whitney performed as required under the 8628 Grimes Unlimited Guaranty.

87.    Grimes breached the 8628 Grimes Unlimited Guaranty by failing to perform as required under the 8628 Grimes Unlimited Guaranty.

88.    Hancock Whitney was damaged by Grimes' nonperformance under the 8628 Grimes Unlimited Guaranty.

89.    Additionally, the 8628 Grimes Unlimited Guaranty provides for recovery of cost of collection, including, without limitation, reasonable attorney fees and expenses.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Paul Kevin Grimes on the 8628 Grimes Unlimited Guaranty in the amount of $104,003.50, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees, expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may otherwise prove itself entitled.

## COUNT SIX
### OPEN ACCOUNT
### (DEFENDANT – ALEXANDER ROSENBAUM – 4275)

90.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

91.    Hancock Whitney provided Mobile Sports, through its general management, and Lex with the Statement of Account between the Parties reflecting the outstanding balance due, which is now overdue and immediately payable.

92.    Mobile Sports and Lex have failed to pay the outstanding balance due in the Statement.

93.    Mobile Sports and Lex owe a balance of $30,099.68 that is due on open account, plus interest, attorneys' fees, and costs.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Mobile Sports and Alexander Rosenbaum on the 4275 Credit Card, in the amount of $30,099.68, due on Open Account, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may prove itself entitled.

## COUNT SEVEN
### ACCOUNT STATED
### (DEFENDANT – JOHN HILLARD – 4283)

94.    Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

95.     Hancock Whitney provided Mobile Sports and Hilliard with the Statement of Account between the Parties reflecting the outstanding balance due, which is now overdue and immediately payable.

96.     Mobile Sports and Hilliard have not objected to the correctness of the amounts due on the account.

97.     Mobile Sports and Hilliard have failed to pay the outstanding balance due on the 4283 account.

98.     Mobile Sports and Hilliard owe a balance of $563.23 that is due on open account, plus interest, attorneys' fees, and costs.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Mobile Sports and John Hilliard on the 4283 Credit Card, in the amount of $563.23, due on Account Stated, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may prove itself entitled.

### COUNT EIGHT
**ACCOUNT STATED**
**(DEFENDANT – PAUL KEVIN GRIMES – 4291)**

99.     Hancock Whitney adopts and incorporates by reference, each of the foregoing paragraphs in this Complaint, as if fully set forth herein.

100.    Hancock Whitney provided Mobile Sports and Grimes with the Statement of Account between the Parties reflecting the outstanding balance due, which is now overdue and immediately payable.

101.    Mobile Sports and Grimes have not objected to the correctness of the amounts due on the account.

102.    Mobile Sports and Grimes have failed to pay the outstanding balance due on the 4291 account.

103.    Mobile Sports and Grimes owe a balance of $3,434.62 that is due on open account, plus interest, attorneys' fees, and costs.

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against Mobile Sports and Paul Kevin Grimes on the 4291 Credit Card, in the amount of $3,434.62, due on Account Stated and breach of Guaranty, plus pre-judgment interest that continues to accrue, post-judgment interest, attorneys' fees and expenses, court costs, and such other, further, and different relief, in equity or in law, to which it may prove itself entitled.

## **RELIEF REQUESTED**

WHEREFORE, above premises considered, Plaintiff, Hancock Whitney Bank, respectfully demands judgment in its favor and against the Defendants, Mobile Sports, Ari Rosenbuam, Alexander Rosenbaum, John Hillard and Paul Kevin Grimes as follows:

(a)    **Count One:** general damages against Defendant, Mobile Sports, in the amount of $104,003.50 for breach of the 8628 Note, plus the applicable per diem;

(b)     Additional prejudgment interest as provided by the 8628 Note;

(c)     **Count Two:** general damages against Defendant, Ari Rosenbaum, in the amount of $104,003.50 for breach of the 8628 Ari Rosenbaum Guaranty, plus the applicable per diem;

(d)     **Count Three:** general damages against Defendant, Alexander Rosenbaum, in the amount of $104,003.50, for breach of the 8628 Alexander Rosenbaum Unlimited Guaranty, plus applicable per diem;

(e)     **Count Four:** general damages against Defendant, John Hilliard in the amount of $104,003.50, for breach of the Hilliard Unlimited Guaranty, plus applicable per diem;

(f)     **Count Five**: general damages against Defendant Paul Kevin Grimes in the amount of $104,003.50, for breach of Grimes Unlimited Guaranty, plus applicable per diem;

(g)     **Count Six:** general damages against all Defendants in the amount of $30,099.68, as currently due under breach of contract, open account, and account stated, pursuant to the 4275 Credit Card;

(h)     **Count Seven:** general damages against Defendants in the amount of $563.23, for breach of the 4283 Credit Card, plus the applicable per diem;

(i)     **Count Eight:** general damages against Defendants in the amount of $3,434.62, for breach of the 4291 Credit Card, plus the applicable per diem;

(j)     Additional prejudgment interest as provided by the 8628 Note;

(k)    All incurred, accruing, and future reasonable attorney fees and costs, plus reasonable attorney fees and costs that may be incurred in the event of any appeals and/or post judgment enforcement and/or collection efforts;

(l)    All accruing late charges and fees;

(m)    All costs of court;

(n)    Any and all costs of collection;

(o)    Interest at the maximum rate provided by the 8628 Note, the Ari Unlimited Guaranty, the  Lex Unlimited Guaranty, the Hilliard Unlimited Guaranty, the Grimes Unlimited Guaranty, the 4275 Credit Card, the 4283 Credit Card, the 4291 Credit Card,  and Alabama law, on the total amount of the judgment, from the date of judgment until paid in full; and

(p)    Such other and further relief to which Hancock Whitney Bank may be entitled.

Respectfully submitted this 10th day of July 2025.

**s/Joshua D. Friedman**
Jeffery J. Hartley  (HARTJ4885)
Joshua D. Friedman (FRIEJ1586)
Counsel for Plaintiff,
HANCOCK  WHITNEY BANK
 Post Office Box 2767
 Mobile, AL 36652
 (251) 432-5521; (251) 432-0633 Fax
 jjh@helmsinglaw.com
 jdf@helmsinglaw.com

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax
Email: jjh@helmsinglaw.com
       jdf@helmsinglaw.com


### **NOTE TO CLERK**:

Please serve Defendant, ***MOBILE SPORTS AND ENTERTAINMENT GROUP, LLC***, via <u>Private Process Server</u> as follows:

Mobile Sports and Entertainment Group, LLC
Alexander Rosenbaum, Registered Agent
3766 Halls Mill Road
Mobile, Alabama 36693

Please serve Defendant, ***ARI ROSENBAUM***, via <u>Private Process Server</u> as follows:

Ari Rosenbaum
5829 Cordova Avenue
Satsuma, Alabama  36572

Please serve Defendant, ***ALEXANDER ROSENBAUM***, via <u>Private Process Server</u> as follows:

Alexander Rosenbaum
121 Kurlane Street
Fairhope, Alabama 36532

Please serve Defendant, ***JOHN S. HILLIARD***, via <u>Private Process Server</u> as follows:

John S. Hillard
3054 Belmont Street
Mobile, Alabama  36606

Please serve Defendant, ***PAUL KEVIN GRIMES*** via <u>Private Process Server</u> as follows:

Paul Kevin Grimes
7206 Rock Creek Drive
Fairhope, Alabama  36532


**s/Joshua D. Friedman**

4913-1561-1988, v. 1